IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **CHRIS UMBERGER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:09-0607 |
| | ) | |
| **CORRECTIONAL OFFICER TAYLOR,** | ) | |
| **FCI Beckley,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On June 3, 2009, Plaintiff, proceeding *pro se* and formerly incarcerated at FCI Beckley,[1] filed a letter addressed to the Clerk of the Court in which he complained that he was assaulted by two correctional officers at FCI Beckley. Plaintiff further contended that the Bureau of Prisons improperly took earned good time credit. Specifically, Plaintiff stated as follows:

> On 1-31-09, I informed on a correctional officer for smuggling contraband into the prison. As a result, I became a target of retaliation by officers Taylor and Ford. They let it be known that I was a 'rat,' which placed my well being in jeopardy. CO Taylor trashed my cell, destroyed my property, and stole my radio and gave it to another inmate. CO Ford blacked my eye and has charged me with fraudulent violation of prison rules for which I'm not guilty. This resulted in my release being moved from July this year until at least October.
> Senators Mollohan and Rahall have requested an investigation and one is under way, but I have no faith in the return of my good time. I have a liberty issue and a right to that good time.
> At a minimum, I have a right to be safe from staff, and I'm not. Only yesterday, did CO Taylor threaten me again. Both him and Taylor have backed these threats with actions.
> I have requested a transfer of my supervised release to Georgia from W.V. My requests go unanswered. In West Virginia, I have nothing but enemies, no employment, no home, no clothes, nothing. My work with the D.E.A. and R.U.D.E.

---

[1] The undersigned notes that Plaintiff is currently located at CCM Baltimore, a community corrections center located in Annapolis Junction, Maryland.

> Task Force has caused me three (3) transfers from one prison to another over the past 9 years. Who will ensure my safety when I'm released?
> In Georgia, I have a home, employment, transportation, and training lined up. I have no known enemies.
> I need counsel appointed and a hearing on these matters as soon as possible. Both of these matter place me in harms way and are matters that fall under Habeas Corpus.

(Document No. 1.)

By Order entered on June 5, 2009, the undersigned considered Plaintiff's letter as an attempt to initiate a civil action under Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[2] (Document No. 3.) The undersigned ordered that the Clerk send Plaintiff a copy of a form Complaint and Application to Proceed *in forma pauperis* and that within 30 days of the date of entry of the Order (1) Plaintiff file, if he wished, the form Complaint stating his claims, and (2) Plaintiff either pay the $350.00 filing fee or file the Application to Proceed *in Forma Pauperis* and other documents as required by 28 U.S.C. § 1915(a)(1) and (2). (Id.) The undersigned further notified Plaintiff that if he failed to submit the documents indicating his interest in proceeding with his claims, the undersigned would recommend dismissal of this case. (Id.) Plaintiff has not responded to the Court's Order that was entered nearly nine months ago. Accordingly, the undersigned has determined that Plaintiff has

---

[2] The undersigned also found that Plaintiff was claiming that his constitutional rights were violated in disciplinary proceedings which resulted in a loss of good time credit. Therefore, the Court directed the Clerk to open a new civil action and include therein a copy of Plaintiff's letter. The undersigned further ordered that the Clerk send Plaintiff a copy of a form Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody and an Application to Proceed *in forma pauperis* and that within 30 days of the date of entry of the Order (1) Plaintiff file, if he wished, the form Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus specifying his claims, and (2) Plaintiff either pay the $5.00 filing fee or file the Application to Proceed *in Forma Pauperis* and other documents as required by 28 U.S.C. § 1915(a)(1) and (2). *Umberger v. Taylor*, Case No. 5:09-0720, Document No. 1.

failed to take any steps to prosecute this action, and therefore, Plaintiff's Complaint in this case should be dismissed.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [3] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*. See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

Rule 41.1 of the Local Rules provides:

**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall mail a certified copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,

---

[3] Rule 41(b) of the Federal Rules of Civil Procedure provides:

    **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication upon the merits.

>(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
>(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the Court finds that the delays in this case are attributable solely to the Plaintiff as the Defendant has not been required to make an appearance in this action. Pursuant to 28 U.S.C. § 1915, federal courts may authorize the commencement of an inmate's civil action *in forma pauperis* upon the inmate's filing an Application to so proceed, together with an Affidavit stating the nature of the action and Plaintiff's belief that he is entitled to redress. 28 U.S.C. §§ 1915(a)(1) and (2)(2002). "Section 1915 is intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation." DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003). Plaintiff has not responded to the Court's Order directing him either to pay the requisite $350.00 filing fee in full or to file an Application to Proceed *in Forma Pauperis*. (Document No. 3.) Further, Plaintiff has not filed his form Complaint defining his claims as directed by the Court. Plaintiff, therefore, is the sole cause of the delays in this action. With respect to the second and third factors, although the record is void of further evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion," the Court does not find that the named Defendant will be prejudiced by dismissal of Plaintiff's Complaint.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be futile in view of Plaintiff's failure to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the undersigned's Order entered nearly nine months ago advising

Plaintiff that the undersigned would recommend dismissal if Plaintiff failed to complete and file the above forms (Document No. 3.). Accordingly, the undersigned has determined that this action should be dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** this case without prejudice for failure to prosecute and remove this matter from the Court's docket.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce,

727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: March 1, 2010.

R. Clarke VanDervort
United States Magistrate Judge